IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALGON CARBON CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1355 |
| ) | |
| ADA-ES, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

On January 15, 2010, this court entered an order [doc. no. 30] permitting both parties to file their summary judgment documents in a format such that confidential business information would not be revealed to the public. According to that order, to the extent that the parties' summary judgment documents, namely, concise statements of material facts (and responses thereto), briefs (in support and in opposition), and appendices reveal confidential business information, the court permitted the parties to redact such documents. To the extent that exhibits attached to any summary judgment filing had been marked as "confidential" or "attorneys' eyes only" during discovery, the court allowed the parties to file such documents separately under seal if they believed the entirety of them revealed confidential business information.

Between January 22, 2010, and February 18, 2010, the parties filed thirty (30) summary judgment documents, twelve (12) of which were documents filed under seal. Contained within one of

the dozen documents filed under seal [doc. no. 41] are fifty-five (55) exhibits, <u>all</u> of which were filed under seal.

As the parties are well-aware, this court explicitly denied their requests to file their summary judgment papers entirely under seal. [doc. no. 30]. Instead, this court gave the parties the discretion to file under seal <u>only</u> those documents or exhibits: (1) marked "confidential" or "attorneys' eyes only" during discovery, <u>and</u> that, (2) in the parties' opinion, unavoidably revealed confidential business information. In doing so, the court explicitly reminded the parties of the public's right to access judicial records.

Despite this directive, the parties have filed heavily redacted summary judgment documents and numerous documents under seal. By doing so, the parties' attorneys, officers of this court, have usurped the public's common law right to access judicial records. <u>United States v. Wecht</u>, 484 F.3d 194, 208 (3d Cir. 2007). No member of the public reviewing the redacted versions of the parties' filings could understand the circumstances of this case. The parties are reminded that any member of the public will be permitted to attend trial of this matter.

We will demonstrate the parties' misconduct by way of example. Some of the redacted words and phrases in the summary judgment documents include: "Second Request For Proposal" or "Second RFP," "New RFP," and "Alleged New RFP." Also, the names of

2

principal employees of plaintiff, defendant, and other entities involved in this matter have been redacted. In at least one instance, plaintiff redacted the name of defendant's President and CEO, Mike Durham, information which is publically available via defendant's website. Likewise, in at least one instance, defendant redacted the name of plaintiff's President and CEO, John Stanik, information which is publically available via plaintiff's website. In some instances, references to and quotations from emails, deposition testimony, and other key evidence regarding the basic facts and circumstances surrounding this case have been redacted in their entirety. In at least one of defendant's filings, there are pages where the majority of the text was redacted. [See, e.g., doc. no. 32 at pp. 18, 24, & 35].

While the parties may consider this information private or confidential, they could make no plausible argument that such information qualifies as a trade secret or confidential business information under controlling case law. It is that standard, not a client's or attorney's personal beliefs or desires, that establish how filings are made before this court.

The United States Court of Appeals for the Third Circuit has held that "there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 164

(3d Cir. 1993) (emphasis added). "Documents containing trade secrets or other confidential business information may be protected from disclosure ... [if] the need for secrecy outweighs the presumption of access that normally attaches to such documents." Id. at 166; see also Littlejohn v. BIC Corp., 851 F.2d 673, 685 (3d Cir. 1988) ("non-trade secret but confidential business information is not entitled to the same level of protection from disclosure as trade secret information"). Clearly, words such as "RFP" and "New RFP," as well as names of employees are neither trade secrets nor the type of confidential business information that must be filed under seal.

In addition, we note that the parties' attorneys have wasted judicial time and resources, as well as their clients', by failing to follow CM/ECF Guidelines for electronic filing in this district. Defense counsel in particular has made more than a dozen phone calls to the court regarding matters that are reviewed and discussed in detail as part of this district's CM/ECF training program. The parties are reminded that the attorney whose CM/ECF registration number is used for filing is solely responsible for ensuring the proper electronic filing of documents with this court.

Based on the foregoing, IT IS HEREBY ORDERED that all pending motions for summary judgment [doc. nos. 31 & 35] and the related pending motion to strike [doc no. 51] are DENIED without prejudice. The parties are hereby directed to re-file their

motions for summary judgment and related documents no later than March 15, 2010. Responses to such motions and related documents shall be filed by March 30, 2010. Any reply briefs shall be filed by April 12, 2010.

Due to the parties' abuse of the court's January 15, 2010 order, <u>no filings will be made under seal or subject to any redactions</u>.

BY THE COURT:

_____, C.J.
2/26/10

cc: All Counsel of Record