IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALGON CARBON CORP., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1355 |
| ADA-ES, INC., | ) ) | |
| Defendant. | ) ) | |

MEMORANDUM

Gary L. Lancaster
Chief Judge.

June 15, 2010

This is an action for declaratory judgment, breach of contract, and unjust enrichment. Plaintiff Calgon Carbon Corporation ("Calgon") seeks a declaration that it does not owe defendant ADA-ES, Inc. ("ADA") commissions from its sales of powdered activated carbon ("PAC") products to Midwest Generation EME, LLC ("Midwest"). ADA contends that it is entitled to commissions under its contract with Calgon, the Memorandum of Understanding ("MOU"), and based on its continued marketing efforts and Calgon's representations to Midwest after termination of the MOU.

Calgon and ADA have filed cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56. Calgon argues that ADA is not entitled to commissions from its PAC sales to Midwest because: (1) Calgon lawfully terminated the MOU more than six months prior to entering into its supply contract with Midwest; (2) the Calgon-ADA proposal to Midwest, which Calgon and ADA jointly submitted

before Calgon terminated the MOU, expired by its own terms or was rejected by Midwest; and (3) Calgon's supply contract with Midwest arose out of Calgon's independent negotiations with Midwest, not the Calgon-ADA proposal [doc. nos. 80 & 82].

ADA counters that it is entitled to commissions because: (1) the MOU's survivorship clause extends ADA's right to commissions beyond the termination of the MOU; (2) even after the termination of the MOU, both ADA and Calgon represented to Midwest that the termination had no effect on their joint efforts to sell Calgon's PAC products to Midwest, and ADA continued its marketing efforts; and (3) the Calgon-ADA proposal to Midwest never expired and was never rejected by Midwest; rather, it was the starting point of negotiations that led to the Calgon-Midwest agreement [doc. no. 79].

Fed. R. Civ. P. 56(c)(2) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment or partial motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under

the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

It is on this standard that the court has reviewed the parties' cross-motions for summary judgment. Based on the pleadings of record, and the briefs and other documents filed in support and opposition thereto, the court concludes, as a matter of law, that there remain genuine disputes over material facts which preclude summary judgment in this matter.

Specifically, genuine disputes of material facts exist as to, among other things, whether ADA's marketing efforts resulted in the Calgon-Midwest supply agreement, and if they did, whether the parties intended for the survivorship clause of the MOU to extend to sales contracts which were executed subsequent to the termination of the MOU. Similarly, the parties dispute whether the Calgon-ADA joint proposal to Midwest led to the Calgon-Midwest agreement. The parties further dispute whether Midwest ever rejected the Calgon-ADA joint proposal or whether that proposal

3

ever expired.

Upon review of the evidence presented thus far and Calgon's and ADA's suggested applications of the MOU to the instant matter, the court finds that there is a genuine issue of material fact as to whether ADA is entitled to commissions for Calgon's supply contract with Midwest. Accordingly, the cross-motions for summary judgment will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CALGON CARBON CORP.,)
)
Plaintiff,)
)
v.) Civil Action No. 08-1355
)
ADA-ES, INC.,)
)
Defendant.)

ORDER

AND NOW this 15th day of June, 2010, IT IS HEREBY ORDERED that the parties' cross-motions for summary judgment [doc. nos. 79 & 80] are DENIED.

IT IS FURTHER ORDERED that defendant's motion to de-designate documents (doc. no. 91) and to strike certain affidavits from plaintiff's summary judgment motion appendix (doc. no. 115) are DENIED, without prejudice.

BY THE COURT:

_____ C.J.

cc: All counsel of record