IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CALGON CARBON CORP., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 08-1355 |
|  | ) |  |
| ADA-ES, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

BENCH MEMORANDUM

On May 17, 2010, Calgon moved to exclude certain expert testimony by Dr. Howard W. Pifer, III, pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) [doc. nos. 103 & 104]. On July 15, 2010, the court held a Daubert hearing and took under advisement the parties' contentions regarding Dr. Pifer's testimony on damages for ADA's unjust enrichment claim.

Dr. Pifer opined, in his original report, that the damages for ADA's unjust enrichment claim should be set at 15% of Calgon's PAC sales to Midwest, which is the amount that ADA claims it is entitled to in its breach of contract claim. During the Daubert hearing, Dr. Pifer opined that the amount of unjust enrichment damages is again 15% of Calgon's PAC sales to Midwest, But at that time, he opined that the 15% represents the midpoint between what he deemed a reasonable range of commissions using other contract commission rates for sales of similar products. Dr. Pifer did not base either of these opinions on any quantification of what portion of the value of Calgon's contract with Midwest is attributable to ADA's marketing efforts.

On July 19, 2010, the court orally granted Calgon's motion to exclude Dr. Pifer's opinions regarding damages for ADA's unjust enrichment claim. The court's decision was based on the following reasons.

In Pennsylvania, the amount of damages for an unjust enrichment claim cannot be based on a contractual provision. Indeed, an unjust enrichment claim presupposes that there is no contract in existence. The law is clear that the measure of damages for unjust enrichment is the reasonable value of the services rendered to the defendant. Restated, the accepted measure of damages in an unjust enrichment claim is the gain to the defendant, not the loss to the plaintiff.

It is clear that Dr. Pifer's opinions relied solely on the MOU commission rate that ADA contends it lost and commission rates in similar contracts as the value of unjust enrichment damages. This is contrary to the law and would not be helpful to the jury. Furthermore, Dr. Pifer failed to opine as to Calgon's gain from ADA's marketing efforts, which is the legal basis for the measure of unjust enrichment damages in this case. As such, Dr. Pifer could provide no testimony that would be helpful to the jury in assessing the amount of damages to be awarded to ADA were it to succeed on its unjust enrichment claim.

For these reasons, the court granted Calgon's motion to exclude Dr. Pifer's expert testimony on damages for ADA's unjust enrichment claim.

BY THE COURT,

_____, C.J.

Dated: July 27, 2010