IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CALGON CARBON CORP., )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 08-1355
 )
ADA-ES, INC., )
 )
      Defendant. )

MEMORANDUM

Gary L. Lancaster,                                                 October 14, 2010
Chief Judge

       This is primarily a breach of contract action. On July 29, 2010, a jury found that Calgon Carbon had breached its contract with ADA, and awarded ADA $12 million in damages. Calgon has filed a renewed motion for judgment as a matter of law, a motion for a new trial, and a motion for amendment of judgment [doc. nos. 196, 198]. In short, Calgon contends that there was insufficient evidence to support the jury's verdict, and that the court made numerous errors in instructing the jury, and ruling on evidentiary matters. Calgon also contends that the jury's damages award was the result of "an obvious mathematical error," which this court must correct.

We have reviewed the record as a whole and find that there was sufficient evidence to support the jury's verdict, and that none of the rulings made by the court require a new trial. Moreover, Calgon has not demonstrated that the jury's damages award is so unreasonable as to require court intervention. As such, all motions will be denied.

I. Factual Background

We write for the parties, who are familiar with the relevant facts. We refer other readers to previous memorandum opinions issued in this case for background facts [doc. nos. 145, 175, and 176].

II. Applicable Legal Standards

A. Motion for Judgment as a Matter of Law

Whenever a motion for judgment as a matter of law under Rule 50(a)(1) is not granted at trial, the moving party may renew the motion after judgment has been entered. Fed.R.Civ.P. 50(b). A motion for judgment as a matter of law will be granted only if, "viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could" reach its verdict. Lightning Lube, Inc. v. Witco Corp., 4 F.3d

1153, 1166 (3d Cir. 1993). In determining whether the evidence is sufficient to sustain the jury's verdict, the court cannot reweigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version. Id.; Fineman v. Armstrong World Indus., Inc., 980 F.2d 171, 190 (3d Cir. 1992).

B. Motion for a New Trial

A moving party may be granted a new trial under Fed. R.Civ.P. 59 even when the court determines that entry of judgment as a matter of law in that party's favor is not appropriate. Roebuck v. Drexel Univ., 852 F.2d 715, 735-36 (3d Cir. 1988). New trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience. Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1076 (3d Cir. 1996); Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991).

C. Motion to Alter or Amend the Judgment - Remittitur

The Court of Appeals for the Third Circuit has consistently held that in order to disturb a jury verdict, "the damages assessed by the jury must be so unreasonable as to offend the conscience of the Court." Keller v. County of Bucks, 209 Fed.

Appx. 201, 207 (3d Cir. 2006) (citing Motter v. Everest & Jennings, Inc., 883 F.2d 1223, 1230 (3d Cir. 1989); Gumbs v. Pueblo Int'l, Inc., 823 F.2d 768, 771 (3d Cir. 1987); and Murray v. Fairbanks Morse, 610 F.2d 149, 152 (3d Cir. 1979)). Where a court determines that the jury's damages verdict is unreasonable and not supported by the evidence, the court may not substitute its damages award for the jury's; rather the court must afford the prevailing party at trial the option of a new trial. Hetzel v. Prince William County, 523 U.S. 208, 211 (1998).

III. Discussion

    A.  Motion for Judgment as a Matter of Law

        1.  Breach of Contract Claim

Calgon has moved for judgment as a matter of law on the breach of contract claim. According to Calgon, its proposed interpretation of the Memorandum of Understanding, expressed as option (a) under Question Number 1 of the verdict slip [doc. no. 182], was the only possible reasonable interpretation of the MOU. As such, Calgon contends that the court erred by including option (b) (ADA's proposed interpretation) on the verdict slip. Regardless, even if it was proper to present option (b) to the jury, Calgon argues that ADA presented no evidence in support of its proposed interpretation, making the jury's selection of option (b) improper. Calgon also argues, in the alternative, that ADA

presented no evidence to support the jury's finding that Calgon's sales to Midwest resulted from ADA's joint marketing activities. [doc. no. 182, Question Number 2]. We deny the motion because, upon review of the entire record, we find that the jury's verdict was supported by sufficient evidence in all respects.

At summary judgment, the court rejected Calgon's now resurrected argument that its proposed interpretation was the only reasonable interpretation of the MOU. Calgon has identified no new facts or law requiring the court to change its prior ruling. At trial, we considered and discussed each party's proposed interpretations. As a result, we rejected one of ADA's theories as a matter of law [doc. no. 176], and we determined that, under the facts of this case, the jury could not find that neither party's proposed interpretation was correct, [doc. no. 193, p. 12].

Therefore, we found that options (a) and (b) under Question Number 1 were both reasonable and were both supported by sufficient evidence to warrant submission to the jury. That Calgon disagrees with the court's finding does not create legal error. Furthermore, we find no error in the jury's decision to rule in favor of ADA by selecting option (b). There was sufficient evidence, in the form of witness testimony, documentary evidence, and evidence of the parties' course of performance, to support the jury's decision.

The fact that certain pieces of ADA's evidence could support the proposed interpretation that was rejected by the court (the "second theory"), as well as the proposed interpretation that was submitted to the jury (the "first theory") does not render the jury's verdict improper. [doc. no. 176, p. 4]. The jury was not privy to the discussions in chambers regarding ADA's "first" and "second" theories. Nor was the jury privy to the opinion issued by the court during trial that rejected ADA's "second theory." Instead, the court explained in its instructions that each party had a proposed interpretation regarding the meaning of the MOU, and directed the jury to select the interpretation that they found to be supported by the evidence.

We need not reach Calgon's challenge to the sufficiency of the evidence regarding the jury's finding that the Midwest sales resulted from the ADA-Calgon marketing activities. [doc. no. 182, Question Number 2]. As ADA notes, and Calgon does not challenge, Calgon did not raise this argument in the motion it made at the close of the evidence. However, regardless, we would find that sufficient evidence supported the jury's verdict on this issue as well. Although Calgon submitted evidence to the contrary, ADA submitted evidence proving that the Midwest sales resulted from its efforts. The court is not to reweigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version. Having found that there was sufficient

evidence to support the jury's verdict on this matter, our inquiry must end.

Calgon's motion for judgment as a matter of law on the breach of contract claim will be denied.

2. Unjust Enrichment Claim

Calgon also contends that it is entitled to judgment as a matter of law on the unjust enrichment claim. The jury did not render a verdict on this claim. We instructed the jury to render a verdict on this claim only if ADA did not prevail on the breach of contract claim. [doc. no. 182]. Because the jury found in favor of ADA on the breach of contract claim, it never reached the unjust enrichment claim.

Nevertheless, Calgon alleges that it is entitled to judgment as a matter of law on the unjust enrichment claim. According to Calgon, because all of ADA's evidence concerned Calgon's contractual obligation to pay it a commission, and because a contractual obligation precludes the availability of equitable relief, the unjust enrichment claim should not have been submitted to the jury. Calgon also contends that the jury was improperly permitted to consider the value of ADA's testing services, for which ADA was compensated by third parties, in assessing damages. Finally, Calgon argues that the jury had no evidence on which to base an award of equitable damages because the court excluded Dr.

7

Pifer's report on this issue. [doc. no. 175].

Aside from the fact that many of Calgon's arguments are hypothetical given that the jury did not reach the unjust enrichment claim, and thus, did not award any damages based thereon, we reject each argument summarily on the merits. The proper scope of ADA's unjust enrichment claim in light of ADA's contract claim was a matter considered by the court and discussed with the parties throughout trial. The court reviewed case law presented by the parties on the issue and notified the parties of case law the court had located through its own independent research. All of this authority was discussed with the parties, and ultimately, the court ruled that we would not allow ADA to pursue the equitable remedy for those periods of time before and during the term of the MOU. [doc. no. 195, pp. 186-88]. We, in turn, carefully instructed the jury regarding how the breach of contract claim and the unjust enrichment claim related to each other, and for which time periods equitable relief was a possible remedy. Calgon has identified no legal error in the court's conclusion, and presents no new legal authority in support of its position. That Calgon disagrees with the conclusion we reached at trial is not grounds for entry of judgment as a matter of law.

Similarly, we find that had the jury been required to calculate damages for the unjust enrichment claim, which it was not, it had sufficient evidence and guidance on which to make such

a finding. The jury instructions included an adequate explanation of how to calculate equitable damages, and what the jury could, and could not, consider in formulating an award. Calgon's argument, apart from being hypothetical in nature, is without support, and in no event rises to the level required to justify entry of judgment as a matter of law on this ground.

Calgon's motion for judgment as a matter of law on the unjust enrichment claim will be denied.

B. Motion for a New Trial

1. Objections On Same Grounds Raised in Motion for Judgment as a Matter of Law

Calgon moves for a new trial "on all claims for the same reasons as discussed above." Just as none of the grounds asserted above warrant entry of judgment as a matter of law, none of them warrant a new trial. The jury's verdict was not contrary to the great weight of the evidence, does not cry out to be overturned, or shock the conscience, nor did it result in a miscarriage of justice on any of the grounds discussed above. We deny Calgon's motion on this basis.

2. Objections to Jury Instructions

Calgon contends that a new trial is warranted because of numerous errors in the jury instructions. These objections fall into two categories: first, objections based on a failure to

instruct the jury regarding ADA's "second theory"; and second, objections based on a failure to instruct on Pennsylvania law regarding oral modifications.

We will address the second objection first. The jury was instructed that "...neither party contends that the MOU was modified or a new oral contract was agreed to." As such, it was unnecessary, and would have been confusing to the jury, for the court to then offer instructions explaining Pennsylvania law regarding oral contract modification. This objection is wholly without merit, and does not meet the standards required to justify a new trial.

The remaining objections regarding the court's failure to instruct the jury that ADA's "second theory" had been rejected, failure to explain the difference between ADA's "first" and "second" theory, and failure to instruct the jury "on how it was to interpret" the testimony of one of ADA's witnesses likewise do not meet the stringent requirements set forth above warranting the grant of a new trial. The jury did not know what ADA's "first" theory and "second" theory were. As we discussed above, the jury was not privy to any in-chambers discussions, or court opinions, on the matter. ADA was never permitted to argue its "second theory" to the jury. The jury was cautioned during the trial that it would determine the proper way to interpret the MOU. The jury received detailed instructions regarding how to make that determination, as

well as how to judge the weight and credibility of witness testimony. It would have been improper, and confusing to the jury, to present an alternative proposed interpretation of the MOU and then direct the jury not to consider it. Regardless, failure to do so did not result in a verdict that was contrary to the great weight of the evidence, cries out to be overturned, shocks the conscience, or results in a miscarriage of justice.

### 3. Objections to Verdict Slip

Next Calgon objects to the court's wording of Question Number 1(b) on the verdict slip, its removal of option 1(c), and its inclusion of Question Numbers 4 and 5 (unjust enrichment).

First, Calgon objects to the word "commenced" being used in Question Number 1(b) on the ground that the word allowed ADA to present its rejected "second theory" to the jury. That is simply not the case. ADA was not permitted to argue its "second theory" to the jury and the court instructed the jury repeatedly and precisely on the proposed interpretation being advanced by each party. Use of the word "commenced" did not inject the "second theory" into the case, or result in errors warranting a new trial.

Calgon next objects to the removal of option 1(c) under Question Number 1 of the verdict slip. In short, proposed option 1(c) allowed the jury to find that neither party had proven that its proposed interpretation of the MOU was correct. The court

explicitly addressed the removal of Question Number 1(c) from the verdict slip with the parties several times during trial. Because both parties agreed that the MOU was a valid contract, the court found that option 1(c) could not produce a valid jury verdict based on the evidence admitted at trial. [doc. nos. 193, p. 12 and 195, pp. 202-206]. That Calgon still disagrees with this finding does not result in a manifest injustice, or otherwise warrant a new trial.

Finally, we have previously addressed the propriety of instructing the jury on the unjust enrichment claim, and need not do so again here. The inclusion of Question Numbers 4 and 5 on the verdict slip did not result in a miscarriage of justice or otherwise warrant a new trial.

### 4. Objections to the Admissibility of Evidence

Finally, Calgon seeks a new trial on the ground that the court committed numerous errors of law in admitting evidence, resulting in a jury verdict that was against the great weight of the evidence. In particular Calgon objects to the admission of: (1) evidence related to ADA's "second theory" of contract interpretation; (2) evidence (both documentary and testimonial) regarding Calgon's officials' understanding of the commission provisions under the MOU; (3) expert testimony from John Lagarenne; and (4) Dr. Pifer's "lump sum" damages calculation. We have

already discussed the evidence and jury instructions regarding ADA's rejected "second theory" above, and found them to be proper. The same discussion applies here. The court ruled on Calgon's second and fourth objections in the context of motions in limine. Calgon has presented no new legal authority or evidence indicating that the rulings made on those motions were contrary to law, or otherwise improper. Calgon did not object to Mr. Lagarenne's testimony on the basis that it was improper expert testimony at trial, and therefore, that objection has been waived. Therefore, none of these objections to the admissibility of evidence warrant a new trial.

### C. Motion to Amend Judgment - Remittitur

Calgon has asked the court to alter or amend the jury's damages verdict. Specifically, Calgon asks the court to either replace the jury's lump sum damages award with a pay as you go damages award of $3 million for past lost commissions and 15% commission on future sales to be paid as they occur, or reduce the lump sum damages award for both past and future commissions from $12 million to $8.8 million. According to Calgon, the jury's award of $12 million was "an obvious mathematical error". We can disturb the jury's damages verdict only if it is so unreasonable as to offend the conscience of the Court or has no support in the evidence. Keller v. County of Bucks, 209 Fed. Appx. 201 (3d Cir.

2006) (citations omitted). We find that Calgon has failed to meet this stringent standard.

Although one explanation for the jury's damages award could be that offered by Calgon, that is not the only explanation. Instead, as ADA points out, all of Dr. Pifer's calculations were based on minimum quantities and steady prices. Evidence was admitted at trial that Midwest required increased quantities and agreed to increased prices in the past. The jury was free to make, and apparently did make, its own calculations without applying Dr. Pifer's limitations. That we were not privy to those calculations, and cannot recreate them after the fact, does not make the resulting damages verdict unreasonable.

Moreover, Calgon does not even allege that the jury's verdict was the result of prejudice or passion. <u>Evans v. Port Authority</u>, 273 F.3d 346, 352 (3d Cir. 2001). Rather, Calgon contends that the jury's damages award, at worst, was the result of a mathematical error. Without any showing of prejudice, passion, unreasonableness, or lack of evidence, we will not disturb the jury's damages verdict.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Calgon's post-trial motions will be denied. An appropriate order will be filed in conjunction with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALGON CARBON CORP., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-1355 |
| ADA-ES, INC., | ) |
| Defendant. | ) |

ORDER

AND NOW this 14th day of October, 2010, it is hereby ordered that Calgon's motion for judgment as a matter of law [doc. no. 196]; motion for a new trial [doc. no. 196]; and motion to alter or amend judgment [doc. no. 198] are DENIED.

BY THE COURT,

/s/ C.J.